**CHIN FOOK v. McGRATH, Attorney General, et al.**

**Civ. A. No. 29691.**

United States District Court
N. D. California, S. D.

July 13, 1950.

I. M. Peckham, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, United States Attorney, San Francisco, Cal., for defendants.

ERSKINE, District Judge.

Defendants' motion for denial of a jury trial in this action is hereby granted for the following reasons:

1. A judicial proceeding for declaration of United States nationality under Section 903 of the Nationality Code, 8 U.S. C.A., is essentially a declaratory judgment action, providing a special remedy for a limited class of persons. Like all declaratory judgment actions it is neither legal nor equitable, but *sui generis*; it is a new form of procedure for deciding cases both at law and in equity. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Borchard, The Fed. Dec. Judg. Act, 21 Virginia Law Review 35, 38. As such it does not fall within the category of "suits at common law" to which the 7th Amendment requirement of a jury trial applies.

2. Since the remedy sought in this action is one given by statute and not by common law, the terms of the statute must be followed. Included in said statute is a provision for the admission of the claimant to the United States "upon the condition that he shall be subject to deportation in case it shall be decided *by the court* that he is not a national of the United States." It seems clear from these words that Congress did not intend to give such a claimant the right to a jury trial.